UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURGICAL CENTER OF
SOUTHFIELD, LLC d/b/a
FOUNTAINVIEW SURGERY
CENTER (Brian Slating),

               Plaintiffs,

v.

ALLSTATE INSURANCE
COMPANY,

               Defendant.
_____/

Case No. 19-cv-10991

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

## OPINION AND ORDER GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR FEES AND COSTS
### (ECF #12)

### I. FACTS

Before the Court is Defendant Allstate Insurance Company's ("Allstate") Motion for Summary Judgment and request for sanctions against Plaintiff Surgical Center of Southfield, LLC d/b/a Fountain View Surgery Center ("Fountain View"). Allstate also requests an award of fees and costs under 28 U.S.C. § 1927.

On March 14, 2019, Fountain View filed this action to recover $236,307.48 for services provided to Mr. Brian Slating on February 28, 2019, alleging, *inter alia*, that Allstate had failed to timely pay Fountain View in violation of Michigan's No-

1

Fault Act, M.C.L. § 500.3101, *et seq.* ("March Complaint" or "March Lawsuit"). (ECF #1, Notice of Removal.) Plaintiff filed the Complaint in Wayne County Circuit Court, which Allstate removed to federal court. Fountain View alleged in the March Complaint that it had provided proof to Allstate that it was entitled to payment "more than 30 days ago," but also that the services had been rendered to Mr. Slating only 14 days prior, on February 28, 2019. (ECF #1-2, Compl., PgID 14.)

On April 26, 2019, Fountain View, represented by counsel other than who had filed the March Complaint, filed a nearly identical complaint against Allstate in Wayne County Circuit Court seeking payment of the same $236,307.48 for services provided to Mr. Slating on February 28, 2019. *See Surgical Center of Southfield, LLC d/b/a Fountain View Surgery Center, PLLC v. Allstate Property and Casualty Insurance Company*, 2:19-cv-11458-GAD-APP (E.D. Mich. 2019), ECF # 1 ("April Lawsuit"). Allstate has incurred the cost of removing and defending the April Lawsuit as well.

On May 17, 2019, Counsel for Allstate, Jaquelyn McEttrick, contacted Counsel for Fountain View who had filed the March Complaint, Mark Gaugier, to request dismissal of one of the identical complaints. (ECF #12-3, Affidavit of Jacquelyn A. McEttrick, June 4, 2019, PgID 136-137.) Gaugier responded in an email on May 17, 2019, stating "I was just informed yesterday that [the April Lawsuit counsel] are going to be handling this file and forgot when I saw your email.

2

We can stipulate to dismiss this case as it will be handled by [the April Lawsuit counsel's] office from here on out." (*Id.*)

The Docket of the March Lawsuit reflects that three days later, on May 20, 2019, Plaintiff Co-Counsel Ronald Puzio[1] attempted to electronically file a Request for Substitution of Counsel, instead of a stipulation of dismissal. (*Id.*) (*See also* ECF #11, May 20, 2019.) The Request filed by Puzio was stricken for failure to follow electronic filing guidelines. (*Id.*) Counsel for Allstate stated that she has contacted Gaugier at least five times since Puzio improperly filed the Request for Substitution of Counsel on May 20, 2019, but Fountain View has failed to dismiss the matter as discussed. (*Id.*)

Fountain View has not responded to Allstate's Motion for Summary Judgment. In its Motion, Allstate also requests reimbursement of $2,000 of the $2,900 in sanctions and/or costs and fees incurred related to the duplicative and unprosecuted March Lawsuit, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. (ECF #12-1, Def.'s Mot., PgID 126-27.)

---

[1] Problematically, neither Puzio nor Gaugier filed a formal appearance on behalf of Fountain View in the April Lawsuit, so neither receives CM/ECF notifications of docket events. Counsel for Allstate discussed the need to file an appearance with Gaugier prior to the stipulation of dismissal, and his co-counsel instead filed the subsequently stricken Request for Substitution of Counsel. Counsel for Allstate informed Gaugier that the Request for Substitution of Counsel was stricken. (ECF #12-3, McEttrick Aff., PgID 137.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). A fact is "material" for purposes of a summary judgment motion where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop., L.L.C. v. Symmes Twp.*, Ohio, 503 F.3d 456, 469 (6th Cir. 2007) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 247 (6th Cir. 1991) (internal quotation marks omitted) (quoting *Celotex*, 477 U.S. at 323). If this

burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

"The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. The plaintiff must present more than a mere scintilla of the evidence. To support his or her position, he or she must present evidence on which the trier of fact could find for the plaintiff." *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal citations and quotation marks omitted). The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986) (footnote and internal quotations omitted).

## III. ANALYSIS

There is no genuine issue of material fact that the March Lawsuit should be dismissed as Counsel for Fountain View stated that there is no intention of pursuing the instant matter and agreed to its dismissal. Fountain View Counsel has dilatorily failed to do so, necessitating the instant motion. Therefore, the Court grants Allstate's motion and dismisses this action.

Further, Allstate requests sanctions pursuant to Rule 11 for Fountain View Counsel's failure to undertake a reasonable inquiry before filing the March Lawsuit, and/or costs and fees pursuant to 28 U.S.C. § 1927 for failing to dismiss an action that Fountain View admittedly planned to abandon. Fountain View's Counsel, Mark Gaugier, ceased communication with Allstate as of May 22, 2019, and failed to take the steps to voluntarily dismiss this case despite stating that he would so. (ECF #12-3, Ex. 3 to McEttrick Aff., PgID 148.) The March Lawsuit was filed prematurely, a mere 14 days after Mr. Brian Slating assigned his right to insurance payments to Fountain View. Fountain View retained additional counsel and filed the duplicative April Lawsuit to rectify its error, forcing Allstate to incur $2,900.00 in costs and fees to repeat its defense of the March Lawsuit, and, now, file this Motion in order to secure the dismissal agreed to by Gaugier.[2] Allstate has requested reimbursement of

---

[2] Mark J. Gaugier, of the Law Offices of Joumana B. Kayrouz, PLLC, is Counsel of Record and Lead Attorney on the March Lawsuit, but did not file a formal appearance. (*See* CM/ECF Docket, No. 19-cv-10991.) Ronald C. Puzio, Jr., of

$2,000 of the unnecessary costs and fees from Fountain View. Accordingly, the Court grants Allstate's request for costs and fees in the amount of $2,000.00.

## IV. CONCLUSION

Based on the reasons stated above, the Court GRANTS Defendant Allstate Insurance Company's Motion for Summary Judgment and request for costs and fees in the amount of $2,000.00.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Date: August 20, 2019

---

Varjabedian Attorneys, is Co-Counsel of Record for Plaintiffs, and also did not file a formal appearance. (*Id.*)